IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

VICTOR BRADSHAW,                  :
                                          :
          Plaintiff,              :
                                            :
         VS.                    :
                                          :     NO. 4:12-CV-11 (CDL)
                                          :
GOVERNOR OF GEORGIA;     :
SHERIFF OF MUSCOGEE COUNTY;  :
GEORGIA DEPT. OF CORRECTIONS;  :
PRIVATE EXTRADITION COMPANY,  :
                                          :     **ORDER TO SUPPLEMENT**
            Defendants          :

Plaintiff **VICTOR BRADSHAW**, presently confined at the Muscogee County Detention Facility in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff is back before this Court with another cryptic complaint in which he seeks relief due to his allegedly unlawful extradition from Alabama to Georgia.[1]  Plaintiff complains that in June 2010, he was held in an Alabama jail for two months before he was extradited to Georgia without a "pre-extradition habeas corpus hearing" and without an extradition warrant signed by the

---

1 This is the third civil action that Plaintiff has filed in this Court complaining about his extradition. On July 6, 2011 the Court dismissed Plaintiff's 28 U.S.C. § 2254 action in which he made allegations regarding his extradition. *Bradshaw v. Darr*, 4:11-CV-66 (CDL).  Following dismissal of his habeas, Plaintiff filed a 42 U.S.C. § 1983 action in this Court in which he again alleged that his extradition from Alabama to Georgia was unlawful.  *See Bradshaw v. Chattahoochee Judicial Circuit*, 4:11-CV-121(CDL).  That 42 U.S.C. § 1983 action was dismissed on September 6, 2011.

Governor.   (Compl. at 4, ECF No. 1).   Plaintiff alleges that he should have been "turned over to government agents, not a private extradition company."   (Compl. at 4, ECF No. 1).   Plaintiff fails to provide any additional information regarding this extradition.

The Court needs more information before it can conduct the frivolity review required by 28 U.S.C. § 1915A(a).   Plaintiff must answer the following questions and, if possible, provide the documents requested:

(1) Did you at any time following your arrest in Alabama appear in any court?   If so, when and in what court?

(2) Did you, at any time prior to extradition, either verbally or in writing, contest the extradition or request to file a pre-extradition writ of habeas corpus?   If so, when and in what court?

(3) Did you actually file a pre-extradition writ of habeas corpus? If so, when, in what court, and what was the name of the attorney (if any) who represented you and drafted the writ?

(4) If you did file a pre-extradition writ of habeas corpus, provide the Court with a copy of your petition for writ of habeas corpus.

(5) You maintain that the "governor's warrant of arrest" was unsigned.   How do you know this? Were you provided a copy of this document? If so, provide the Court with a copy of this warrant.

(6) You name "Private Extradition Company" as a Defendant.   If possible, provide the Court with the actual name of this company or agency?

Plaintiff shall have **TWENTY-ONE (21)** days from the date shown on this Order to

answer these questions and, if possible, provide the requested documents.   Failure to comply with

this Order will result in the dismissal of Plaintiff's 42 U.S.C. 1983 action.

      There shall be no service of process in this case until further order of the Court.

      **SO ORDERED**, this 20th day of January, 2012.


                    S/STEPHEN HYLES
                    UNITED STATES MAGISTRATE JUDGE